UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO ESPINOZA, | ) Case No. CV 15-9775-JPR |
| Petitioner, | ) |
| v. | ) MEMORANDUM OPINION AND ORDER<br>) DENYING PETITION FOR WRIT OF<br>) HABEAS CORPUS |
| JACK FOX, Warden, | ) |
| Respondent. | ) |

**PROCEEDINGS**

On December 21, 2015, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody. He also consented to having a U.S. Magistrate Judge conduct all further proceedings in his case, including entering final judgment. On February 12, 2016, Respondent filed an Answer and a memorandum of points and authorities and consented to proceed before a Magistrate Judge. Petitioner did not file a reply.

For the reasons discussed below, the Court denies the Petition and dismisses this action with prejudice.

**PETITIONER'S CLAIMS**

I. Insufficient evidence supported the disciplinary-hearing officer's finding that Petitioner possessed a hazardous tool under Prohibited Act Code 108. (Pet. at 3.)

II. Code 108 is unconstitutionally vague on its face and as applied to Petitioner. (Id.)

III. Petitioner was denied equal protection because he was disciplined under Code 108 while other inmates possessing the same device have been disciplined under Code 305, a lesser violation. (Id. at 4.)

**BACKGROUND**

Petitioner is a federal prisoner housed at the Federal Correctional Institution in Lompoc. (Pet. at 2.) He is serving a 240-month sentence imposed in the District of New Mexico for conspiracy to possess with intent to distribute methamphetamine. (Answer, Cruz Decl. ¶ 3, Attach. 1 at 13.) Assuming Petitioner earns all available good-conduct credit, his current projected release date is August 11, 2021. (Answer, Cruz Decl. ¶ 3, Attach. 2 at 19.)

On April 10, 2014, a prison staff member searched a locker assigned to Petitioner and found an improvised heating device (colloquially known as a "stinger") hidden inside a sock behind some folded clothes. (Answer, Cruz Decl. ¶ 4, Attach. 3 at 21-22; see Pet. at 3.) That day, the staff member prepared an incident report, charging Petitioner with violating Prohibited Act Code 108, possession of a hazardous tool. (Answer, Cruz Decl. ¶ 4, Attach. 3 at 21); see 28 C.F.R. § 541.3, Table 1. Petitioner received the incident report and was advised of his

rights the same day. (Answer, Cruz Decl., Attach. 3 at 21, 23.)

On April 15, 2014, Petitioner appeared before the Unit Discipline Committee, which referred the charge to the Discipline Hearing Officer for further hearing. (Id. at 21.)

On April 16, 2014, DHO J.L. Spaulding conducted Petitioner's disciplinary hearing. (Answer, Cruz Decl., Attach. 4 at 24, 27.) Petitioner waived his right to a staff representative, denied the charge, and did not call any witnesses. (Id. at 24.) At the hearing, Petitioner stated that he was "in Education when [the incident] took place" and someone else "threw [the stinger] in [his] locker," which was "always open." (Id.)

After reviewing the evidence, the DHO found that Petitioner had violated Code 108. (Id. at 25.) The DHO based his decision on the staff member's written report; Petitioner's statements to the investigator, the discipline committee, and the DHO; and photographic evidence of the device found in his locker. (Id.) He found that whether Petitioner was in "Education" at the time had "no bearing on the incident as there [was] no requirement that [he] be present for a search." (Id. at 26.) The DHO explained that Petitioner's claim that his locker was not locked was "not a valid defense" because he could have bought a lock from the commissary; even if the locker was unsecured, that did not relieve him of his responsibility to keep his area free of contraband. (Id.) The DHO found not credible Petitioner's claim that someone else must have put the device in his locker, noting that it was inside a sock behind folded clothes in the back of the locker and that Petitioner had not provided any evidence to support his claim. (Id.) The DHO also found that a "homemade

3

electric device poses an electrical and fire hazard." (Id.)

The DHO sanctioned Petitioner with the loss of 41 days of good-conduct time, 60 days of disciplinary segregation (suspended pending 180 days of clear conduct), and 90 days of loss of commissary and telephone privileges (suspended pending 180 days of clear conduct). (Id.) Petitioner exhausted his administrative remedies. (Answer, Cruz Decl., Attach. 5 at 28-30, Attach. 6 at 31-33.)

## DISCUSSION

**I. Petitioner's Sufficiency-of-the-Evidence Claim Does Not Warrant Habeas Relief**

Petitioner claims insufficient evidence supported the DHO's finding that he possessed a hazardous tool under Code 108. (Pet. at 3.)

### A. Applicable Law

Federal prisoners have a statutory right to good-conduct credits. See 18 U.S.C. § 3624(b). Accordingly, they have a due process interest in the disciplinary proceedings that may take away those credits. Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974). But "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556.

In the context of prison disciplinary hearings, due process requires a limited set of procedural safeguards: (1) the inmate should receive "advance written notice of the claimed violation" so that he can marshal the facts and prepare a defense; (2) "[a]t least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare" for the

hearing; (3) the inmate "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals"; (4) when "an illiterate inmate is involved" or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case," the inmate should be given assistance at the hearing; and (5) the inmate should receive "a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." Id. at 563-64, 566, 570.

Due process requires that a prison disciplinary decision be supported by "some evidence." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1984).  A court need only determine whether "any evidence in the record . . . could support the conclusion reached by the disciplinary board." Id. at 455-56; see also Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (as amended) ("The Hill standard is minimally stringent."). This determination "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Hill, 472 U.S. at 455.

Code 108 prohibits "[p]ossession, manufacture, introduction, or loss of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device)."  28

5

C.F.R. § 541.3, Table 1.

B. <u>Discussion</u>

Sufficient evidence supported the DHO's decision. The DHO based his decision on the staff member's written report; Petitioner's statements to the investigator, the discipline committee, and the DHO; and photographic evidence showing the stinger as found in his locker. (Answer, Cruz Decl., Attach. 4 at 25-26.) Petitioner claims the DHO "ignored the question of whether a stinger could pose a threat to the institution's security or cause serious bodily harm" and instead "only evaluated whether [he] possessed the item." (Pet. at 3a.) In fact, the DHO found that a "homemade electric device poses an electrical and fire hazard" and that "[p]ossession of hazardous tools threatens the security of the institution and may place the safety and well-being of staff and inmates in jeopardy." (Answer, Cruz Decl., Attach. 4 at 26.) In doing so, he established that the stinger was a tool "hazardous to institutional security or personal safety." § 541.3, Table 1, Code 108. Accordingly, "some evidence" supported the DHO's finding that Petitioner possessed a hazardous tool in violation of Code 108. See <u>Hill</u>, 472 U.S. at 455; <u>Woodson v. Ives</u>, No. CV 03-0263-MWF (RNB), 2013 WL 3049233, at *5-6 (C.D. Cal. June 17, 2013) ("some evidence" supported DHO's finding that petitioner violated Code 108 when incident report, investigation, and photograph showed that "two stingers were found in [his] locker").

Petitioner is not entitled to habeas relief on this claim.

**II. Petitioner's Void-for-Vagueness Claim Does Not Warrant Habeas Relief**

Petitioner contends that Code 108 is unconstitutionally vague on its face and as applied because it fails to give adequate notice and promotes arbitrary enforcement. (Pet. at 3-3a.)

A. <u>Applicable Law</u>

Under the void-for-vagueness doctrine as generally stated, a law violates due process if it "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or "encourages arbitrary and discriminatory enforcement." <u>Hill v. Colorado</u>, 530 U.S. 703, 732 (2000); accord <u>Kolender v. Lawson</u>, 461 U.S. 352, 357 (1983). Similarly, in the prison context, due process "requires fair notice of what conduct is prohibited before a sanction can be imposed." <u>Newell v. Sauser</u>, 79 F.3d 115, 117 (9th Cir. 1996) (applying void-for-vagueness analysis to prison disciplinary regulation in § 1983 civil-rights action).

B. <u>Discussion</u>

Petitioner's as-applied challenge does not warrant relief. Code 108 prohibits "[p]ossession, manufacture, introduction, or loss of a hazardous tool," which refers to "tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety." § 541.3, Table 1. As the DHO noted (Answer, Cruz Decl., Attach. 4 at 26), an improvised electric heating device poses an electrical and fire hazard, which makes it "hazardous to

7

institutional security or personal safety."  Thus, Code 108 gave Petitioner fair notice that possessing a stinger would subject him to sanctions.  See Ely v. McGrew, No. CV 12-5266-JFW (OP), 2014 WL 3941578, at *4 (C.D. Cal. June 3, 2014) (rejecting claim that Code 108 was unconstitutionally vague as applied to petitioner's possession of cell phone because it gave notice that "possessing any tool that could be used in an escape or escape attempt, or that otherwise posed a threat to institutional security, would be subject to a sanction" (emphasis in original)), accepted in relevant part by 2014 WL 3941584 (C.D. Cal. Aug. 12, 2014).

Code 108 provides a nonexhaustive list of prohibited hazardous tools: "hack-saw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device."  § 541.3, Table 1; cf. Velasquez v. Benov, 518 F. App'x 555, 555 (9th Cir. 2013) (rejecting claim that different disciplinary code provision was vague because it gave "fair notice of what conduct is prohibited by including a non-exhaustive list of proscribed acts").  That Code 108 does not delineate every possible prohibited tool does not render it unconstitutionally vague.  See Masters v. Johnson, No. CV 14-07147-RGK (DFM), 2015 WL 5092708, at *4 (C.D. Cal. June 10, 2015) ("That these regulations do not delineate each and every possible variation of a potential . . . violation does not render them impermissibly vague or fail to give [p]etitioner fair notice."), accepted by 2015 WL 5096413 (C.D. Cal. Aug. 28, 2015), appeal docketed, No. 15-56455 (9th Cir. Sept. 23, 2015).  Petitioner's allegation that other inmates found with stingers have been

charged with lesser violations (Pet. at 3a) is irrelevant because the code under which he was sanctioned gave him reasonable opportunity to understand that a stinger was a prohibited hazardous tool. Thus, Code 108 is not unconstitutionally vague as applied to Petitioner.

Likewise, Code 108 is not unconstitutionally vague on its face. To succeed in a facial challenge, Petitioner "must establish that no set of circumstances exists under which [the regulation] would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987); see also Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 449 (2008) (challenger must show that law "is unconstitutional in all of its applications"). But because Petitioner has not shown that Code 108 was unconstitutionally vague as applied to him, his facial challenge necessarily fails. See William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cnty., 695 F.3d 960, 963 (9th Cir. 2012) (noting that facial challenge necessarily fails if as-applied challenge fails "because there is at least one set of circumstances where application of [the law]" is valid).

Accordingly, Petitioner is not entitled to habeas relief on this claim.

**III. Petitioner's Equal-Protection Claim Does Not Warrant Habeas Relief**

Petitioner claims he was denied equal protection because he was disciplined under Code 108 while other inmates possessing stingers have been disciplined under Code 305, a lesser

violation.[1] (Pet. at 4-4a.)

A. <u>Applicable Law</u>

The Equal Protection Clause essentially directs that "all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985); <u>see also</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 545-47 (1979) (convicted prisoners entitled to protection under Equal Protection Clause). To establish an equal-protection violation, a prisoner must show that he was intentionally discriminated against based on his membership in a protected class. <u>See</u> <u>Lee v. City of L.A.</u>, 250 F.3d 668, 686 (9th Cir. 2001) (discussing elements of equal-protection claim in § 1983 civil-rights action). Alternatively, he must show that he was intentionally treated differently from others similarly situated without a rational basis for the disparate treatment. <u>Vill. of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (per curiam) (involving plaintiff who "did not allege membership in a class or group"); <u>see also</u> <u>N. Pacifica LLC v. City of Pacifica</u>, 526 F.3d 478, 486 (9th Cir. 2008) (equal-protection claim brought by "class of one" is "premised on unique treatment rather than on a classification").

B. <u>Discussion</u>

Petitioner has not demonstrated either intentional discrimination based on membership in a protected class or different treatment of similarly situated inmates lacking a rational basis. He does not allege that he was discriminated

---

[1] Code 305 prohibits "[p]ossession of anything not authorized for retention or receipt by the inmate" and is a moderate-severity offense. § 541.3, Table 1.

10

against because he was a member of any protected class. See Ely, 2014 WL 3941578, at *8 (rejecting equal-protection claim when petitioner had not alleged facts showing he was member of protected class). Petitioner's allegation that other inmates were treated differently for "possessing the same heating device" (Pet. at 4-4a) by itself is insufficient to establish that those inmates were similarly situated to him. (See Answer, Cruz Decl. ¶ 7 (BOP discipline-hearing administrator stating that "[e]ach incident report is considered on its own merits and without regard to what another inmate may or may not have been charged with under different circumstances.")); see Ryan v. Scism, 474 F. App'x 49, 52-53 (3d Cir. 2012) (per curiam) (rejecting equal-protection claim based on alleged arbitrary charging under either Code 108 or 305 because although petitioner alleged that other inmates "received a lesser sanction than he for the same prohibited act, he failed to offer evidence that [they] were similarly situated to him"). Petitioner has also not shown that any different treatment was intentional or that it lacked a rational basis. See Boyd v. Fox, No. CV 15-04403-FMO (DTB), 2016 WL 3869907, at *3-4 (C.D. Cal. June 6, 2016) (in rejecting equal-protection claim based on petitioner's allegation that another inmate "had committed 'the same actions' as him" but was charged with less serious violation, noting that there was "no evidence that he was singled out in violation of his equal protection rights"), accepted by 2016 WL 3769330 (C.D. Cal. July 13, 2016).

Accordingly, Petitioner is not entitled to habeas relief on this claim.

**CONCLUSION**

IT IS ORDERED that the Petition is denied and Judgment be entered dismissing this action with prejudice.

DATED: August 2, 2016

                                         */s/ Jean Rosenbluth*
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE